UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TYRONE BELL,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>HEIDI WASHINGTON, *et al.*,<br><br>　　　　　　Defendants. | Case No. 21-cv-10705<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS FOR INJUNCTIVE AND DECLARATORY RELIEF
### (ECF NOS. 221, 223, 224)

Pro se prisoner Tyrone Bell brings this civil rights action under 28 U.S.C. § 1983, alleging that the 30 named defendants failed to implement adequate measures to combat COVID-19.  ECF No. 203.  The Honorable Shalina D. Kumar referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 208.

Bell moved to supplement his complaint by adding an equal protection claim based on Michigan Department of Corrections (MDOC) Director Heidi Washington's alleged policies preventing him from obtaining legal materials and electronic equipment necessary to litigate his case.  ECF No. 225; ECF No. 226.  He also moved for a declaratory ruling and

temporary restraining order permitting him to purchase a laptop and other electronic equipment. ECF No. 221; ECF No. 223; ECF No. 224.

For the reasons explained in the order entered on today's date, the Court denied Bell's motion to supplement. Since the Court did not authorize Bell to add the new claim, his motions for declaratory and injunctive relief should also be denied. The relief sought in those motions is unrelated to the merits of his pending claims about MDOC's COVID-19 policies and is not requested in the pleadings. *See Malam v. Adducci*, 459 F. Supp. 3d 867, 889 (E.D. Mich. May 12, 2020) ("The Court is unaware of legal authority that would allow it, in this instance, to grant relief unrelated to the merits of Plaintiffs' claims and not requested in a pleading or motion."). Bell's motion for injunctive relief should be denied also because of the substantial deference courts accord to prison officials.

> Courts must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them. The court will not order the defendants to provide Wine with special equipment to litigate this case because property restrictions are a complicated matter for prison administrators. The court will not delve into them where, as here, other accommodations like additional time will suffice.

*Wine v. Pollard*, No. 14-CV-0838, 2015 WL 9295536, at *3-4 (E.D. Wis. Dec. 21, 2015) (cleaned up). As noted in *Wine*, Bell may move for more

time if he cannot meet filing deadlines due to his inability to obtain legal materials.

Thus, the Court **RECOMMENDS** that Bell's motions for injunctive and declaratory relief (ECF No. 221; ECF No. 223; ECF No. 224) be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 18, 2022

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 18, 2022.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
