UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TYRONE BELL,<br><br>Plaintiff,<br><br>v.<br><br>HEIDI WASHINGTON, *et al.*,<br><br>Defendants. | Case No. 21-cv-10705<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

## REPORT AND RECOMMENDATION TO DISMISS THE CASE

Plaintiff Tyrone Bell, a pro se prisoner in the custody of the Michigan Department of Corrections (MDOC), brings this civil rights action under 28 U.S.C. § 1983, alleging that the 30 named defendants failed to implement or follow adequate COVID-19 protocols. ECF No. 203. The Honorable Shalina D. Kumar referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 208. The Court continues to **RECOMMEND** that the case be **DISMISSED**.

On October 18, 2022, the Court ordered Bell to file an amended complaint correcting pleading defects by November 4, 2022. ECF No. 259, PageID.1057-1061. Bell did not comply by the deadline, so the Court recommended dismissal. ECF No. 272. On December 13 and 15, almost

six weeks after the deadline, Bell filed two identical amended complaints. ECF No. 276; ECF No. 279.

Bell says his filing was delayed because the prison was out of "required legal materials needed to produce and mail" his amended complaint. ECF No. 276, PageID.1614 (cleaned up). This claim is not credible. Bell did not explain what legal materials he lacked or how this prevented him from filing an amended complaint. And contrary to Bell's claim, he made several filings from October 18 to November 4, and several more in the weeks after the deadline. *See* ECF No. 262; ECF No. 263; ECF No. 265; ECF No. 266; ECF No. 268; ECF No. 269. Yet he did not file a motion requesting more time to file an amended complaint and failed to file an amended complaint until the Court recommended dismissal.

Bell's proposed 43-page amended complaint is almost identical to the complaint the Court determined was deficient and suffers from the same flaws. *Compare* ECF No. 203 *with* ECF No. 279. And the few revisions to the complaint fail to cure the defects identified in the October 2022 order.

The amended complaint refers to defendants by name in some pleadings that previously made blanket reference to "defendants," "medical personnel," or "administration." *See, e.g.*, ECF No. 279, PageID.1682 (prisoners were not informing staff of COVID-19 symptoms because four

2

named defendants were leaving COVID-positive prisoners' property unsecured); 1689 (17 named defendants failed "to follow and/or enforce" COVID-19 protocols); 1694 (six named defendants "placed" an inmate who came from a prison on outbreak status); 1695-1696, 1700 (13 named defendants allegedly allowed the transfer of COVID-positive inmates without following protocol, denied Bell medication, and allowed COVID-positive prisoners return to their cells).

These references to groups of defendants still fail to explain each defendant's individual actions giving rise to liability.  As before, Bell casts "a wide net with broad allegations and conclusions without specifically alleging which defendants acted in which particular manner."  See *Braxton v. City of Buckhannon, W. Va.*, No. 2:20-CV-38, 2021 WL 1972280, at *4 (N.D.W. Va. Apr. 29, 2021), *adopted*, 2021 WL 1969968 (N.D.W. Va. May 17, 2021).

Bell also modified his allegations against MDOC Director Heidi Washington and other supervisory officials.  First, Bell alleged that Washington authorized sending JPay messages about COVID-19 protocols and prisoner deaths to all prisoners within MDOC.  ECF No. 279, PageID.1678, 1680, 1684, 1686, 1693.  But he failed to explain how these acts violated his constitutional rights.

3

Second, Bell alleged that Washington knew about the breaches of COVID-19 protocol but failed to intervene or train MDOC staff. *Id.* at PageID.1697-1698, 1706-1707, 1709. A government official's failure to supervise, control, or train an employee is not actionable under § 1983 unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct.'" *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). Mere knowledge of unconstitutional behavior is not enough without direct participation or encouragement. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). Bell's allegations fail to show that Washington or the other supervisory officials actively participated in any unconstitutional behavior— only that they failed to act. *See Deangelis v. Nagy*, No. 2:21-CV-12722, 2022 WL 1598586, at *4 (E.D. Mich. May 19, 2022) (cleaned up).[1]

The amended complaint contains supplemental allegations that Corizon Healthcare and its CEO, James Hyman, failed to train employees who failed to follow COVID-19 protocols. ECF No. 279, PageID.1698, 1704. "The requirements for a valid § 1983 claim against a municipality

---

[1] As noted in the October 2022 order, policy-based actions against Washington and other supervisory officials have also been unsuccessful since courts have found MDOC's COVID-19 measures adequate under the Eighth Amendment. *See, e.g.*, *Watson v. Washington*, No. 20-12021, 2021 WL 4480279, at *3-4 (E.D. Mich. Sept. 30, 2021).

4

apply equally to private corporations [such as Corizon] that are deemed state actors for purposes of § 1983." *Vorus v. Corizon Health Care*, No. 2:22-cv-128, 2022 WL 2951531, at *3 (W.D. Mich. July 27, 2022) (citing *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001)). Like supervisory officials, municipalities are not vicariously liable for the acts of their employees and may be sued "only when a policy or custom of that [municipality] caused the injury in question." *Id.* (cleaned up).

Bell alleges that Corizon has a policy or custom of providing negligent care and denying treatment for serious medical needs, citing several other lawsuits against Corizon. ECF No. 279, PageID.1702-1703. That lawsuits were filed against Corizon in other states says nothing about its liability in those actions or whether it had a pattern of providing negligent care in MDOC prisons. *See Jackson v. Corizon Health, Inc.*, No. 20-14737, 2022 WL 303288, at *6 n.4 (11th Cir. Feb. 2, 2022) ("The existence of other lawsuits against Corizon involving the provision of medical services to inmates in other jails and prisons does not create a genuine issue of material fact as to the existence of the alleged policy, custom, or practice at Columbia Correctional Institute." (cleaned up)); *Hayes v. United States*, No. 1:16-cv-00131, 2016 WL3465950, at *4 (D.D.C. June 13, 2016) ("Alleging no more than the mere existence of generic, unidentified lawsuits and

complaints is not enough to establish the custom or policy required to allege liability under Section 1983." (cleaned up)). Thus, Bell has failed to identify an unconstitutional policy or practice sustaining a claim against Corizon. Instead, he impermissibly seeks to hold Corizon vicariously liable for the alleged failures of its staff members.[2]

For these reasons, and the reasons described in the October 2022 order, the Court continues to **RECOMMEND** that the case be **DISMISSED**.

                                               s/Elizabeth A. Stafford
                                               ELIZABETH A. STAFFORD
                                               United States Magistrate Judge

Dated: December 19, 2022

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal

---

[2] Since Bell has not plausibly alleged that Corizon implemented an unconstitutional policy or custom or that Hyman had any personal involvement in the alleged violation of Bell's rights, any claims against Hyman should be dismissed. *See Doherty v. Corizon Health*, No. 3:19CV420, 2021 WL 2188954, at *5 (E.D. Va. May 28, 2021).

6

is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 19, 2022.

                                           s/Marlena Williams
                                           MARLENA WILLIAMS
                                           Case Manager