UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TYRONE BELL,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>HEIDI WASHINGTON, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 21-cv-10705<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT (ECF NO. 283)**

Pro se prisoner Tyrone Bell moves for leave to amend his complaint. ECF No. 283. The Honorable Shalina D. Kumar referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 208. The Court **RECOMMENDS** that Bell's motion be **DENIED**.[1]

---

[1] Although a motion to amend is not ordinarily considered dispositive, because the Court also recommended dismissing Holland's claims, denying his motion to amend amounts to dismissing his case with prejudice. *See Vogel v. U.S. Off. Prods. Co.*, 258 F.3d 509, 514-15 (6th Cir. 2001) ("In determining whether a particular motion is dispositive, the court undertakes functional analysis of the motion's potential effect on litigation."). Thus, the Court errs on the side of caution and proceeds under 28 U.S.C. § 636(b)(1)(B).

Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given "when justice so requires." But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

In October 2022, the Court ordered Bell to file an amended complaint correcting pleading defects. ECF No. 259. Bell did not comply by the deadline, so the Court recommended dismissal. ECF No. 272. Six weeks after the deadline, Bell filed two identical amended complaints. ECF No. 276; ECF No. 279. The Court again recommended dismissal, finding that the amended complaint suffered from the same defects as the original. ECF No. 280.

Bell now wants another bite at the apple. But his proposed amendments continue to make improper blanket references to defendants as described in the Court's show cause order and last report and recommendation. *See* ECF No. 259, PageID.1058-1059; ECF No. 280, PageID.1717-1718. Bell also alleges that many defendants acted

recklessly or unreasonably, while the standard under the Eighth Amendment is deliberate indifference. ECF No. 1741,1743-1744; s*ee Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). Since Bell's proposed amendments are futile, the Court **RECOMMENDS** that his motion to amend be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 17, 2023

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

3

recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 17, 2023.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager