UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE BELL,

                Plaintiff,

v.

HEIDI WASHINGTON et al.,

                Defendants.

Case No. 21-10705
Honorable Shalina D. Kumar
Magistrate Judge Elizabeth A. Stafford

**ORDER OVERRULING OBJECTIONS (ECF NOS. 277, 282, 289), ADOPTING REPORTS AND RECOMMENDATIONS (ECF NOS. 272, 280, 285) AS TO ALL DEFENDANTS OTHER THAN CORIZON HEALTHCARE, INC., DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AS TO ALL DEFENDANTS OTHER THAN CORIZON (ECF NO. 283), AND DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 203) AGAINST ALL DEFENDANTS OTHER THAN CORIZON**

## I. Introduction

Plaintiff Tyrone Bell, a *pro se* prisoner, filed a civil rights complaint against members of the Saginaw Correctional Facility staff, employees of both the Michigan Department of Corrections (MDOC) and Corizon Healthcare, alleging they were deliberately indifferent to the dangers posed to prisoners by COVID-19. ECF No. 203. This matter was referred for all pretrial matters to the assigned magistrate judge. ECF No. 208. The magistrate judge issued three reports and recommendations (R&Rs)

recommending that Bell's complaint be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) (ECF Nos. 272, 280) and that Bell's motion for leave to amend his complaint be denied as futile (ECF No. 285).[1] Bell filed objections to all of the R&Rs. ECF Nos. 277, 282, 289. Corizon and individual defendant Sharon Oliver, a Corizon employee, filed a response to the December 19, 2022 R&R (ECF No. 280). ECF No. 288.

## II.     Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate

---

[1] The magistrate judge also issued an R&R (ECF No. 260) recommending the denial of Bell's motions for declaratory and injunctive relief (ECF Nos. 221, 223, 224). Because the adoption of the R&Rs recommending dismissal moots those underlying motions, the Court need not address that R&R or the accompanying objections (ECF No. 265).

2

judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.

*Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted).

### III. Corizon's Bankruptcy

Before addressing Bell's objections, the Court notes that Corizon filed a voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (Case No. 23-90086 (CML)). *See* ECF No. 292. Corizon's bankruptcy filing operates as an automatic stay as to the claims against it. *Id.*; 11 U.S.C. § 362(a). The continuation of a judicial action or proceeding against Corizon is halted until the automatic stay is lifted. 11 U.S.C. § 362(a). Indeed, the automatic stay precludes even a dismissal or judgment in favor of a debtor-defendant. *See Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371, 373 (10th Cir. 1990) ("The operation of the stay should not depend upon whether the district court finds *for* or *against* the debtor.");

3

*Pope v. Manville Forest Prods. Corp.*, 778 F.2d 238, 239 (5th Cir. 1985); *Hayes v. Liberty Mut. Grp. Inc.*, 2012 WL 1564697, at *5 (E.D. Mich. May 2, 2012). The entry of an order of dismissal may be construed as a continuation of a judicial proceeding and would effectively block the dismissed party's right to appeal. *Pope*, 778 F.2d at 239.

The operation of the automatic stay precludes the Court from taking any action relative to Corizon. Accordingly, it cannot consider the R&Rs, or Bell's objections to them, relating to Corizon. It will hold these submissions in abeyance until the automatic stay relating to Corizon is lifted.

## IV.    R&Rs and Objections

### A. R&R To Dismiss Case and Deny Pending Dispositive Motions (ECF No. 272)

On December 6, 2022, the magistrate judge issued an R&R recommending the sua sponte dismissal of Bell's complaint under § 1915(e)(2) because it did not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." ECF No. 272 (internal quotation omitted). The magistrate judge had earlier determined that Bell's complaint failed to comply with the pleading standards of Federal Rule of Civil Procedure 8 and failed to allege defendants' personal involvement in any constitutional deprivation. ECF No. 259, PageID.1057- 61. The magistrate judge ordered Bell to file an amended complaint by

4

November 4, 2022 and warned that failure to do so would result in a recommendation to dismiss his case. *Id*. Bell did not file an amended complaint, and the magistrate judge issued this R&R recommending dismissal for the reasons set forth in its order to show cause. *See* ECF No. 259.

    1. Objection 1

Bell objects to the dismissal of his case, arguing that he has satisfied Rule 8's requirement for a short plain statement of the claim showing that he is entitled to relief. The Court is not obligated to address objections such as this one which "fail[s] to identify the specific error[] in the magistrate judge's proposed recommendations….[S]uch objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *Owens v. Comm'r of Soc. Sec.*, 2013 WL 1304470 at *3, 2013 (W.D. Mich. Mar. 28, 2013) (citations omitted). This general objection is overruled.

    2. Objection 2

Bell objects to the R&R's recommendation that certain pending motions be dismissed as moot as a result of dismissing his complaint. ECF No. 277. Dismissal of Bell's complaint obviates the need for defendants' dispositive motions seeking that very relief. Bell's motions for relief are

5

nullified without a valid complaint for such relief. Bell's second objection is overruled.

3. Objection 3

Bell objects to the magistrate judge's conclusion that he failed to allege defendants' personal involvement in any constitutional deprivation. ECF No. 277, PageID.1661-64. Bell argues that defendants Washington and Minard "allowed" two prisoners infected with COVID-19 to be transferred to SRF from another facility. *Id.* He also argues that thirteen identified medical personnel at SRF allowed these two infected prisoners to be placed in the general population with non-infected inmates. *Id.* These allegations remain insufficient to state a plausible claim. They remain blanket allegations against a large group of defendants without explaining each defendant's role. Bell does not allege how each defendant "allowed" the COVID-19 positive prisoners to be placed in the general population. He does not allege if or which defendants knew of the transferred prisoners' COVID status. Broad allegations and conclusions without specifically alleging which defendants acted in which particular manner fail to plausibly assert a claim for each defendant's liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

6

Constitution."); *see also Heyne v. Metro. Nashville Pub. Schools*, 665 F.3d 556, 564 (6th Cir. 2011); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). This objection is overruled.

4. Objection 4

Bell's fourth objection argues that the R&R should be reconsidered based upon his revised allegations contained within the objections and an unfiled second amended complaint. ECF No. 277. This objection does not identify a specific error in the R&R and thus will not be considered. Even if the Court were to consider the argument contained within this objection, it would be overruled. The revised allegations remain deficient. For example, Bell names ten MDOC defendants who were "implicitly complacent" with daily violations of protocol. Bell again fails to explain the individual defendant's role in the alleged misconduct. More importantly, the misconduct alleged does not set forth a legal basis for recovery. Implicit complacency suggests a level of blameworthiness less than what is required for a constitutional violation. *See Pineda v. Hamilton Cty.*, 977 F.3d 483, 490 (6th Cir. 2020) (each defendant must be personally involved in the unconstitutional action and proximity to the wrongdoer does not convey responsibility). The allegation certainly does not state with

7

particularity how each defendant violated Bell's constitutional rights. The fourth objection is overruled.

5. Objection 5

Bell objects to the R&R's dismissal of his complaint because his amended complaints were not timely filed. He asserts that he had been denied needed legal materials for litigation and was thus precluded from filing the amended complaint as ordered. But Bell's own filing activity belies his claims that lack of supplies impeded his ability to timely file an amended complaint. In the roughly three weeks the magistrate judge allowed for filing an amended complaint, Bell filed three other submissions in this matter (ECF Nos. 262, 263, 265). In the month between the expired deadline and the date he actually filed an amended complaint, Bell submitted five other filings (ECF Nos. 266, 268, 269, 273, 274). Moreover, this objection does not identify a specific error in this R&R. This objection is overruled.

The Court **OVERRULES** Bell's objections (ECF No. 277) and **ADOPTS** the magistrate judge's R&R (ECF No. 272) as to all defendants other than Corizon. As they relate to Corizon, Bell's objections and the R&R are held in abeyance.

**B.     R&R To Dismiss the Case (ECF No. 280)**

8

On December 13 and December 15, 2022, nearly six weeks after the deadline ordered by the magistrate judge, Bell filed two identical amended complaints. ECF Nos. 276, 279. Bell asserted that his filing was delayed because of a shortage of required legal materials needed to produce and mail his amended complaint. As discussed above, Bell's excuse for the tardy filing is refuted by the eight other filings he submitted in the time between the magistrate judge's order for the amended complaint and the date he filed them. ECF Nos. 262, 263, 265, 266, 268, 269, 273, 274.

The magistrate judge continued to recommend dismissal in a follow-up R&R issued after Bell filed his tardy amended complaints. ECF No. 280. That R&R concluded that Bell's excuse for the tardy filing of the amended complaints was not credible and that the amended complaints failed to cure the deficiencies identified in his original complaint. *Id.* (comparing ECF No. 203 and ECF No. 279). Specifically, the R&R concludes that Bell's amended complaints still fail to explain each defendant's individual actions giving rise to liability, show that supervisory officials actively participated in any unconstitutional conduct, and identify an unconstitutional policy or practice sustaining a claim against Corizon. *Id*.

Bell filed five objections to the follow-up R&R. ECF No. 282.

1. Objection 1

Bell's first objection again addresses the magistrate judge's refusal to accept his excuse for the tardy filing of his amended complaints. Bell does not address how he was able to file eight other submissions on the docket but was impeded from timely filing his amended complaint or seeking an extension of time to do so. This objection is thus overruled.

2. Objection 2

Similarly, Bell objects to the R&R's statement that he did not explain what legal materials he lacked or how it prevented him from filing an amended complaint. ECF No. 282. In response, he argues that he mailed his amended complaint to his mother prior to the deadline. *Id.* This argument is not responsive to the issue to which he objects. The Court overrules this objection.

3. Objection 3

Bell objects to the magistrate judge's finding that his amended allegations remained overly broad without specifying which defendants acted in which particular manner. Bell argues that he requires discovery to satisfy the specificity required by the R&R. ECF No. 282. Where facts pleaded "do not permit the court to infer more than the mere possibility of misconduct, the complaint has…not 'shown…that the pleader is entitled to relief'" in satisfaction of Federal Rule of Civil Procedure 8. *Iqbal*, 556 U.S.

at 679 (quoting Fed. R. Civ. P. 8). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" either. *Id*. at 678. "Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. Bell's insufficiently pleaded claims do not entitle him to discovery. This objection is overruled.

4. Objection 4

Bell objects to the R&R's conclusion that his allegations that Washington's failure to intervene in the MDOC staff's known breaches of COVID-19 protocol failed to sufficiently state a claim. Bell argues in this objection that officials may be held liable for their failure to act if it causes a constitutional violation, and that Washington may be held liable because her omissions set in motion a series of events that she knew or should have known would cause a constitutional violation. Bell misunderstands the jurisprudence on a government official's failure to supervise, control, or train employees. That failure is not actionable under § 1983 unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quotation omitted). Mere knowledge of unconstitutional behavior is not enough without direct

11

participation or encouragement. *Lillard v. Shelby Cty. Bd. of Ed.*, 76 F.3d 716, 727-28 (6th Cr. 1996). Bell has not alleged any actionable conduct against Washington or other supervisory officials. His fourth objection is overruled.

    5. Objection 5

This objection pertains only to Corizon. The Court will hold it in abeyance pending the lifting of the automatic stay.

The Court **OVERRULES** Bell's objections (ECF No. 282) and **ADOPTS** the magistrate judge's R&R (ECF No. 280) as to all defendants other than Corizon. As they relate to Corizon, Bell's objections and the R&R are held in abeyance.

**C.**     **R&R to Deny Motion for Leave to Amend the Complaint (ECF No. 285)**

In addition to objections to the R&Rs recommending dismissal of his case, Bell moved for leave to amend his complaint. ECF No. 283. The magistrate judge issued an R&R recommending the Court deny Bell's motion for leave to amend because even the proposed amended complaint, Bell's third attempt, failed to cure the previously identified deficiencies. ECF No. 285.

    1. Objection 1

Bell again argues that the deficiencies in his complaints cannot be cured without discovery. To survive § 1915(e)(2), a complaint must contain enough facts to state a claim to relief that is plausible, more than a formulaic recitation of the elements for the cause of action, and allegations that suggest a right to relief above a speculative level. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); *see also Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (quotation marks omitted). As previously discussed, discovery is not available if plaintiffs cannot meet this minimal threshold. This objection is overruled.

2.  Objection 2

Bell next objects that his proposed amendments sufficiently stated a claim. In arguing this objection, Bell appears to advance some slightly modified allegations to those presented in his motion for leave to amend. *Compare* ECF No. 283 *and* ECF No. 289. The Court will not consider new allegations not presented to the magistrate judge for consideration in Bell's motion for leave to amend. *See Murr v. United States*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) (courts do not allow parties to raise new arguments or issues at the district court level that were not presented to the magistrate judge). As noted by the magistrate judge, Bell's proposed third amended

complaint continues to make blanket references to large groups of defendants and allege conduct that does not state a cause of action. ECF Nos. 285, 283. Permitting Bell's proposed amendment would be futile, and the magistrate judge was correct to recommend its denial. Bell's objection is overruled.

3. Objection 3

Bell's third objection relates back to the R&Rs recommending dismissal and reiterates the objections submitted to those R&Rs. The Court is not obligated to address objections not specifically addressing the R&R under review. *See Owens*, 2013 WL 1304470 at *3. Accordingly, this objection is overruled.

4. Objection 4

Bell's fourth objection addressed a separate order issued by the magistrate judge relating to discovery. The Court will not consider that objection here.

The Court **OVERRULES** Bell's objections (ECF No. 289) and **ADOPTS** the magistrate judge's R&R (ECF No. 285) as to all defendants other than Corizon. As they relate to Corizon, Bell's objections and the R&R are held in abeyance.

**V. Conclusion**

The Court **OVERRULES** Bell's objections relating to all defendants aside from Corizon. ECF Nos. 277, 282, 289. The Court **ADOPTS** the magistrate judge's R&R recommending the dismissal of Bell's claims against all defendants, with the exception of Corizon, and the denial of Bell's motion for leave to amend as it relates to all defendants other than Corizon. ECF Nos. 272, 280, 285. The Court **HOLDS IN ABEYANCE** Bell's objections and the R&Rs as they relate to Corizon. ECF Nos. 272, 277, 280, 282, 285, 289.

Accordingly,

**IT IS ORDERED** that Bell's complaint (ECF No. 203) against all defendants other than Corizon is **DISMISSED**. Pending motions ECF No. 247, 266, 267, 268, 273 are **DENIED** as moot. Bell's motions for declaratory and injunctive relief (ECF Nos. 221, 223, 224), the subject of an earlier R&R (ECF No. 260), are also **DENIED** as moot. Pending motion ECF No. 210 is **DENIED** in part as moot as to defendant Oliver, but not Corizon.

**IT IS FURTHER ORDERED** that Bell's motion for leave to amend his complaint (ECF No. 283) is **DENIED** as to all defendants other than Corizon. The Court **HOLDS IN ABEYANCE** the R&Rs recommending dismissal of Bell's complaint against Corizon and the related objections to

15

those R&Rs. ECF No. 272, 280, 278, 282. The Court also **HOLDS IN ABEYANCE** Corizon's motion to dismiss (ECF No. 210) and Bell's motion for leave to amend its complaint (ECF No. 283) as that motion relates to Corizon. This case is administratively closed until the automatic stay applying to Corizon is lifted.

    **IT IS SO ORDERED.**

Dated: March 30, 2023

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge