UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TYRONE BELL,<br><br>Plaintiff,<br><br>v.<br><br>HEIDI WASHINGTON, *et al.*,<br><br>Defendants. | Case No. 21-cv-10705<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER STRIKING PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 316)**

After the Sixth Circuit dismissed his appeal for a lack of jurisdiction, pro se prisoner Tyrone Bell moved for relief from judgment and to amend his complaint. ECF No. 313; ECF No. 314. The Honorable Shalina D. Kumar partially granted those motions. ECF No. 314. Judge Kumar noted that "large portions of the newest proposed amended complaint are identical to the earlier inadequate iterations" but found that "the allegations pertaining to certain defendants' deliberate indifference to the risks posed by housing COVID-19 negative prisoners with those who had tested positive for the disease may be sufficient to survive a motion to dismiss." *Id.*, PageID.2045. She ordered Bell to file an amended complaint

consistent with her ruling and referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 315.

Bell filed a 53-page amended complaint exceeding the narrow claims that Judge Kumar authorized.  ECF No. 316.  Instead, the amended complaint includes many of the allegations that Judge Kumar deemed identical to Bell's earlier inadequate pleadings.  For example, Bell again alleges that defendants failed to implement or adhere to policies to combat COVID-19 (e.g., adequate cleaning, social distancing, or mask wearing).  *Id.*, PageID.2055-2065, 2086-2088.

Even Bell's allegations about the COVID-19-positive inmates are so sprawling and disjointed that it is unclear which defendants were allegedly involved or how they were deliberately indifferent.  The Court again warns Bell that Federal Rule of Civil Procedure 8 requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and requires that each allegation be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  The amended complaint does not satisfy this standard.

The Court thus **STRIKES** the amended complaint as inconsistent with Judge Kumar's order and Rule 8.  By **May 14, 2025**, Bell must file a short and plain amended complaint advancing **only** the claims and allegations

that Judge Kumar authorized about housing COVID-19-positive prisoners with those who tested negative.  Failure to limit an amended pleading to that single issue may result in dismissal of the action.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: May 2, 2025

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 2, 2025.

s/Davon Allen<br>
DAVON ALLEN

Case Manager