UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TYRONE BELL,<br><br>Plaintiff,<br><br>v.<br><br>HEIDI WASHINGTON, *et al.*,<br><br>Defendants. | Case No. 21-cv-10705<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY
AND DENYING PLAINTIFF'S MOTION TO ALLOW DISCOVERY
(ECF NOS. 326, 328)**

Plaintiff Tyrone Bell, a pro se prisoner of the Michigan Department of Corrections (MDOC), sues under 28 U.S.C. § 1983. ECF No. 320. Bell alleges that, in late 2020, defendants permitted two COVID-19-positive inmates to transfer from another prison and be placed in his housing unit without completing a 14-day quarantine. *Id.* The Honorable Shalina D. Kumar referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 315.

Defendants moved for summary judgment, asserting that Bell failed to exhaust administrative remedies. ECF No. 318. Bell submitted written discovery requests to Defendant Heidi Washington. ECF No. 326-2.

Defendants now move to stay discovery pending the Court's resolution of their motion for summary judgment. ECF No. 326. Bell opposes defendants' motion and moves to permit discovery. ECF No. 328.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Defendants seek to dismiss Bell's claims for failure to exhaust, which would resolve the entire case. So staying discovery until dispositive motions are resolved "would be an efficient way to reduce or eliminate any unnecessary usage of resources." *Hoosier v. Liu*, No. 2:16-10688, 2016 WL 6650386, at *1 (E.D. Mich. Nov. 10, 2016) (citing *Chavous v. Dist. of Columbia Fin. Resp. and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001)).

Bell contends that he requires discovery to oppose the motion for summary judgment, citing Federal Rule of Civil Procedure 56(d). ECF No. 321, PageID.2135, 2137; ECF No. 328, PageID.2261. Rule 56(d) is implicated when "facts are unavailable to the nonmovement." Under the rule, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other

appropriate order." *Green v. Miller*, No. 13-CV-14247, 2014 WL 1846063, at \*6 (E.D. Mich. May 8, 2014). So a party seeking relief under Rule 56(d) must "file an affidavit that indicate[s] to the district court its need for discovery, what material facts it hopes to uncover, and why it has previously not discovered the information." *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 305 (6th Cir. 2003).

Bell has already responded to defendants' motion for summary judgment. Although he submits declarations in support of his requests for discovery, he does not explain what documents he needs to oppose defendants' motion. ECF No. 321, PageID.2158-2159; ECF No. 328, PageID.2278-2280. Bell contends that he cannot produce receipts for requests for declaratory rulings, but he submitted receipts of those mailings and alleged in his declaration that he sought declaratory rulings. ECF No. 321, PageID.2137, 2158, 2175, 2177. Otherwise, Bell makes "only general and conclusory statements regarding his need for discovery," which are not enough to support a request for more discovery under Rule 56(d). *See Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (cleaned up). And Bell's discovery requests concern the merits of his claims, not the exhaustion issue. ECF No. 326-2.

Bell also contends that factual disputes require an evidentiary hearing and possibly resolution by a jury. ECF No. 328, PageID.2273-2275. If factual disputes prevent the Court from resolving the exhaustion issue, it will make that determination in its recommendation. But as discussed, Bell has responded to the motion for summary judgment and has not shown what further discovery is necessary.

Thus, the Court **GRANTS** defendants' motion to stay discovery pending resolution of the motion for summary judgment (ECF No. 326) and **DENIES** Bell's motion for discovery (ECF No. 328).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: September 22, 2025

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling**

4

**remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 22, 2025.

                                     s/Davon Allen
                                     DAVON ALLEN
                                     Case Manager