UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE BELL,

                Plaintiff,

v.

HEIDI WASHINGTON et al.,
                Defendants.

Case No. 21-10705
Honorable Shalina D. Kumar
Magistrate Judge Elizabeth A. Stafford

---

**ORDER OVERRULING PLAINTIFF'S FIRST AND SECOND SET OF OBJECTIONS (ECF NOS. 341, 343), ADOPTING THE FIRST AND SECOND REPORT AND RECOMMENDATION (ECF NOS. 335, 338), GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 318), AND DENYING PLAINTIFF'S MOTION FOR TRO AND PRELIMINARY INJUNCTION (ECF NO. 336)**

---

## I.    Introduction

Plaintiff Tyrone Bell ("Bell"), a pro se prisoner in the custody of the

Michigan Department of Corrections ("MDOC"), filed this civil rights action

under 28 U.S.C. § 1983 arising from the conditions of his confinement at

the Saginaw Correctional Facility ("SRF"). ECF No. 320. Bell alleges

defendants were deliberately indifferent to the dangers posed to prisoners

by COVID-19, and alleges he contracted the virus after defendants placed

two infected inmates in his housing unit without them first completing a 14-

day quarantine. *Id.* This case was referred for all pretrial purposes to the assigned magistrate judge. ECF No. 315.

Defendants moved for summary judgment for failure to exhaust administrative remedies. ECF No. 318. The magistrate judge issued a Report and Recommendation ("R&R") recommending the summary judgment motion be granted. ECF No. 335. Subsequently, Bell moved for a temporary restraining order and preliminary injunction regarding his legal mail, access to the law library, and demand for IT equipment. ECF No. 336. The magistrate judge issued a second R&R recommending denial of the motion. ECF No. 338. Bell filed timely objections to both R&Rs. ECF Nos. 341, 343.

## II.     Standard of Review

Under Federal Rule of Civil Procedure 72(b)(2), a party may object to and seek review of a magistrate judge's report and recommendation. Any objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). *De novo* review requires at least a review of the evidence before the magistrate judge and a court may not act

solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, a court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). In other words, objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources

rather than saving them, and runs contrary to the purposes of the

Magistrate's Act." *Id*. A general objection, or one that merely restates the

arguments previously presented and addressed by the magistrate judge,

does not sufficiently identify alleged errors in the report and

recommendation. *Id*. Accordingly, when an objection merely reiterates the

arguments presented to the magistrate judge, the report and

recommendation should be reviewed for clear error. *Verdone v. Comm'r of*

*Soc. Sec.,* 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing

*Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012));

*Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp.

3d 932, 965 (E.D. Tenn. 2017)).

### III.   Analysis

In response to the first R&R, Bell filed fourteen objections. In

response to the second R&R, Bell filed one objection that incorporated all

fourteen of his prior objections. The Court will address both sets of

objections together.

### A. Objection 1

Bell objects to the R&R's determination that defendant Kathy

Unknown, a nurse at SRF, has not appeared in this case. ECF No. 335,

PageID.2311 n.1. Bell states that she has always appeared in the case and asks for her to be added back as a named defendant. Bell appears to misunderstand the R&R's determination and apparently thinks it means that no reference has ever been made to that defendant. *Id.* This is incorrect. Defendant Kathy Unknown, to date, has never entered an appearance nor responded to any of the filings in this case. But if she had, she would be entitled to dismissal of the claims against her for the same reasons detailed in the R&R. Accordingly, Bell's first objection is overruled.

### B. Objection 2

Next, Bell argues defendants did not meet their burden of showing that he failed to exhaust all available administrative remedies. He alleges they presented no evidence that there was any available administrative remedy for him. But as detailed in the R&R, Bell submitted two grievances that were rejected because they were untimely. ECF No. 335, PageID.2317. The Court agrees with the R&R's conclusion that Bell offered no evidence that MDOC Policy Directive 03.02.120 ¶ J(7) relieves him of the exhaustion requirement, nor did he show that he faced any "dead end" under *Bailey v. Washington*, 784 F. Supp. 3d 997 (2025), that exempts him

from that requirement. *Id.*, at PageID.2317-19. Accordingly, Bell's second objection is overruled.

### C. Objections 3, 4, 12, 13

Bell's third, fourth, twelfth, and thirteenth objections contest the same conclusion as his second objection. He asserts that administrative remedies were unavailable to him based on his subjective belief that he faced a "dead end," and defendants did not meet their burden of showing that he failed to exhaust all available administrative remedies. The Court disagrees. Accordingly, for the same reasons applied to Bell's second objection, his third, fourth, twelfth, and thirteenth objections are overruled.

### D. Objections 5, 9, 11, 14

In his fifth, ninth, eleventh, and fourteenth objections, Bell asserts that the two grievances he filed were in fact timely because he only became aware of a grievable issue "months later when the COVID-19 restrictions were lifted." ECF No. 341, PageID.2354-55. Because the COVID-19 restrictions in place were beyond his control, Bell claims his grievances were wrongly rejected. *Id.*

MDOC Policy Directive (PD) 03.02.130 requires a prisoner to try to informally resolve a problem with the allegedly offending staff within ***two***

*days* of learning about the grievable issue. The Court agrees with the R&R's conclusion that Bell filed his grievances over a year after the alleged incidents occurred and thus, the grievances were properly rejected as untimely. ECF No. 335, PageID.2319-20. Accordingly, Bell's fifth, ninth, eleventh, and fourteenth objections are overruled.

### E. Objection 6

Bell's sixth objection incorporates the arguments to his third objection but adds that his allegations are non-grievable issues and thus exhaustion was unnecessary. He also reiterates his claim that he faced a "dead end," which exempts him from the exhaustion requirement. The Court, however, agrees with the R&R's conclusion that the operative complaint does not allege non-grievable issues. *Id.*, at PageID.2316-18. Accordingly, and for the same reasons applied to Bell's third objection, his sixth objection is overruled.

### F. Objections 7 & 10

In his seventh and tenth objections, Bell rehashes his claim that he faced a "dead end" and/or claims expert witness status under Fed. R. Evid. 702. Under that rule, Bell would need to demonstrate to the Court, in part, that his testimony was "the product of reliable principles and methods" and

that his testimony reflected "a reliable application of [those] principles and methods to the facts of the case." Fed. R. Evid. 702(c & d). Notwithstanding Bell's claim that he has filed over 100 prior grievances, nothing in his objection supports a finding that he is qualified as an expert witness. Accordingly, Bell's seventh and tenth objections are overruled.

### G. Objection 8

Bell's eighth objection claims that the deficiencies in his amended complaint should be excused because of his pro se status and because of his misunderstanding regarding the different rulings against him during the pendency of this litigation. He then asks for his previously stricken amended complaint to be accepted, ECF No. 316, or for the Court to order him to further amend his complaint.

Absent "compelling reason," arguments or issues that were not presented to the magistrate judge may not be presented in objections to the R&R. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 939 (6th Cir. 1988)). Because Bell did not present this argument to the magistrate judge and because the objection fails to challenge a specific finding or determination within the R&R, Bell's eighth objection is overruled.

### H. Objections 1 & 2 to the second R&R

In his objections to the second R&R, Bell merely regurgitates all of the above arguments and proceeds to argue the merits of his allegations. But at bottom, Bell did not exhaust all available administrative remedies and thus has shown no likelihood of success on the merits sufficient to support the granting of a TRO and preliminary injunction. Accordingly, Bell's first and second objections to the second R&R are overruled.

## IV.   Conclusion

For these reasons, the Court **OVERRULES** Bell's first and second set of objections, ECF Nos. 341 & 343, and **ADOPTS** the first and second R&Rs, ECF Nos. 335 & 338, as the findings and conclusions of the Court. Accordingly, the Court **GRANTS** defendants' motion for summary judgment, ECF No. 318, and **DENIES** Bell's motion for TRO and preliminary injunction, ECF No. 336.

Bell's claims against the moving defendants[1], as well as defendants Winn and Kathy Unknown are **DISMISSED WITH PREJUDICE**. Bell shall

---

[1] Aldrich, Jodie Anderson, Margaret Anderson, Bischer, Chalker, Crawley, Daniels, DeShone, Dew, Gross, Johnson, Jones, Kanyo, Kopka, Leffingwell, McCalley, Miller, Miniard, Morgan, Raquepaw, Reuther, Russell, Smith, Stack, Walker, and Washington.

**AMEND** his complaint to remove the dismissed defendants and reflect only the claims against the remaining defendants: Oliver, Hyman, and Corizon Healthcare.

    **IT IS SO ORDERED.**

                                                  s/ Shalina D. Kumar
                                                  SHALINA D. KUMAR

Dated: March 27, 2026              United States District Judge